The opinion of the Court was delivered by
GloveR, J.
The defendant is authorized to enter upon all lands and tenements through which the line of railroad may pass, and .the XYI. Section provides for compensation to the "owners,” for want of agreement as to the value, or if from any other cause the land cannot be purchased, by the appointment of Commissioners whose valuation without appeal is conclusive, and the land or right of way is vested in the Company in fee simple as soon as the valuation is paid, or is refused when tendered. (11 Stat. 388.)
The XYII. Section is in the following words: — “In the absence of any contract or contracts with the said Company, in relation to land through which the said railroad may pass, signed by the owner thereof or by his agent, or any claimant or person in possession thereof, which may be confirmed by the owner thereof, it shall be presumed that the land upon which the road may be constructed, together with a space of sixty-five feet on each side of the centre,of said road, has been granted to the company by the owner or owners thereof, and the said Company shall have good right and title thereto and shall have, hold, and enjoy the same as long as the same may be-used only for the purposes of the said road, and no longer, unless the person or persons owning tbe said land at the time that the part of the said road which may be on the *93 said land was finished, or those claiming under him, her, or them, shall apply for an assessment of the value of the said lands, as hereinafter directed, within ten years next after the said part was finished; and in case the said owner or owners, or those claiming under him, her, or them, shall not apply for such assessment, within ten years next after the said road is finished, he, she, or they, shall be forever barred from recovering the said land or having any assessment or compensation therefor: Provided nothing herein contained shall affect the rights offeme coverts or infants,' until two years after the removal of their respective disabilities.”
The general scheme adopted to secure to the Company the right of way, and compensation to the landholder, is manifest. —For the want of agreement as to the value of the land taken, or when it cannot be purchased, the XVI. Section directs a valuation by commissioners.' But in the absence of any contract, or of any valuation by commissioners, within ten years from the completion of that part of the road, the XVII. Section authorizes the company to hold the land as long as it shall be used for the purposes of a road,-and presumes a grant from the owner for that purpose: and should no application for an assessment be made within ten years, then the owner is forever barred from recovering the land or having any assessment or compensation.
Norton was the owner of the whole tract when that part of the road was located and finished over it, and having after-wards sold to Lewis the right of the latter, to apply for an assessment, is placed on the assumption that he is one claiming under the owner. At the time the road was finished, Norton no longer had any interest in so much of the land as had been appropriated to its use, which could pass by his conveyance. His deed would not have divested his title more effectually than did the provisions of this Act, vesting in the Company ' so much as -was required for the purposes of the road. In *94 consideration of his property taken for public use, tbe law secured to Norton tbe right to demand and bave full compensation, and Lewis wbo never was tbe owner of the land occupied by tbe road, can claim no right to bave an assessment which is provided for him who is the owner when the road is finished.
It is not the land but the .right to compensation that is involved in this controversy, and he is entitled to it whose land has been dedicated to .the public use and not his vendee, who holds only the balance of the tract. The construction contended for by the appellee defeats the express intention of the Act, which provides compensation for the owner, and the XVII. Section directs that he who is owner when the road is finished shall apply for an assessment. The further provision “ or those claiming under him” could not have contemplated Norton’s vendee, who neither purchased the land vested in the Company, nor had been deprived of property for which compensation was made, who cannot be regarded as a privy •in estate or, by his purchase, having such an interest as would support his claim for an assessment and valuation. The land or right of way is vested in the Company in fee simple as soon as the valuation is paid, or is refused when tendered ; and if application for an assessment is not made within ten years after the completion of the road, the owner is forever barred from recovering the land or having an 'assessment, which manifests the intention of the Legislature to divest the owner’s title, reserving to him the- right to claim the purchase money or compensation alone, and in respect to this Lewis cannot be regarded as one claiming under Norton.
It is a claim or interest which Norton alone could assert . or dispose of in his life time, and in the event of his intestacy, would be under the control of his legal representative or distributees.
This construction,, in the opinion of a majority of the Court, *95 is warranted by tire words employed, and is reasonable and consistent with the just and legal rights of the parties.
Motion granted.
O’Neall, Withers, and Whither, JJ., concurred.